IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40073

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 809 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LAWRENCE JAMES CROW, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and sentence for attempted first degree murder and accompanying order imposing fine, <u>modified</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Lawrence James Crow appeals from his judgment of conviction and sentence for attempted first degree murder and the order imposing a fine under I.C. § 19-5307. Crow also appeals from the district court's order denying his I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm Crow's term of imprisonment and the denial of the I.C.R. 35 motion, but modify the fine imposed under I.C. § 19-5307.

## I.

## FACTS AND PROCEDURE

In July 2010, officers responded to a shooting involving Crow and his ex-girlfriend (victim). Crow and the victim dated for approximately six years and separated around one month prior to the shooting. Crow and the victim had a child together and, at the time, were sharing custody. On the day of the shooting, Crow had custody of the child (at Crow's mother's

1

residence) and was to return the child to the victim around noon. The victim observed Crow pull into her driveway that day. However, instead of dropping off the child, Crow backed up and left. The victim indicated that normally she would have been alone, but that day her mother was at her residence. The victim later surmised Crow had seen her mother's car in the driveway and left.

A short time thereafter, the victim drove to Crow's mother's residence to pick up the child. When the victim arrived, Crow desired to talk about their relationship and the victim agreed. While talking on the front porch, the victim realized Crow had been drinking and decided to leave. The victim attempted to open the front door to retrieve her child, but found the door was locked and so she knocked. Because Crow was acting aggressively, the victim dialed 911 on her cell phone but did not send the call initially. Crow then drew a handgun from his pants and stated to the victim, "If I can't have you, no one can." Crow also stated "I got this for you" in a threating manner while pointing the gun at the victim. By this time, the front door had been unlocked by someone within the house. The victim fled into the house and dialed 911. Crow pursued her. Crow again pointed the gun into the victim's face and chest, and the victim pushed the gun away. Crow fired the gun, wounding the victim in the arm.

The victim retreated into a bathroom and locked the door. The victim heard one or two additional shots. One of these shots went through the bathroom door, although missing the victim. Crow subsequently gained entry into the bathroom. In desperation, the victim began hugging Crow, telling him that she would come back to him. Crow loosened his grip on the gun and the victim seized it and turned it over to Crow's sister. Police arrived shortly thereafter.

The state charged Crow with attempted murder in the first degree, I.C. §§ 18-4001, 18-4002, 18-4003(a), 18-4004 and 18-306; domestic battery involving traumatic injury in the presence of children, I.C. §§ 18-918(2)(a) and (b) and 18-918(4); use of a firearm in the commission of a crime, I.C. § 19-2520; and infliction of great bodily injury, I.C. § 19-2520B. Crow agreed to plead guilty to attempted first degree murder and the state agreed to dismiss the remaining charge and the enhancements. The district court imposed a unified term of fifteen years, with a minimum period of confinement of nine years. The district court also imposed a $5000 fine pursuant to I.C. § 19-5307. Crow subsequently filed an I.C.R. 35 motion for reduction of sentence and the district court denied the motion. Crow appeals.

2

# II.

# ANALYSIS

## A.    Fines Imposed for Crimes of Violence

Crow argues the district court erred by imposing a fine of $5000 to operate as a civil judgment in favor of the victim.  The state argues that this issue is not properly preserved for appeal.  The state concedes that, if this Court were to reach the merits, the fine was in error.  However, the state contends the remedy should be to reduce the award to the maximum amount permitted by statute ($2500).

We initially address the state's argument that this issue is not properly preserved for appeal.  Specifically, the state contends that, because Crow did not raise this issue in his I.C.R. 35 motion, the district court was deprived of an opportunity to correct any alleged error and Crow is precluded from raising it in the first instance on appeal.  However, I.C. § 19-5307 provides that "a defendant may appeal a fine created under this section in the same manner as any other aspect of a sentence imposed by the court."  This provision allows Crow to challenge the fine without first having to raise it in an I.C.R. 35 motion for correction of an illegal sentence.[1]

Turning to the underlying issue, I.C. § 19-5307 provides, in pertinent part:

> (1)    Irrespective of any penalties set forth under state law, and in addition thereto, the court, at the time of sentencing or such later date as deemed necessary by the court, may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsection (2) of this section.
> The fine shall operate as a civil judgment against the defendant, and shall be entered on behalf of the victim . . .

Subsection (2) lists murder under I.C. § 18-4001 as one of the qualifying crimes.  Idaho Code Section 18-306 provides:

> Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:
> . . . .
> (4)    If the offense so attempted is punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half (1/2) the largest fine which may be imposed upon a conviction of the offense so attempted.

---

[1]    Crow could have objected or filed a Rule 35 motion challenging the legality of the fine.

Read together, these two statutes create a maximum fine under I.C. § 19-5307 of $2500 in cases of attempted first degree murder. Crow argues that I.C. § 19-5307 is devoid of any language regarding attempts and defendants convicted of attempted violent crimes are not subject to fines under that section. However, this argument is unavailing because it ignores one of the operative statutes at issue here--I.C. § 18-306(4). This statute unequivocally authorizes a fine of up to one-half of what the completed offense would allow. There is no ambiguity when the two statutes are read in conjunction with one another. Therefore, because the district court erred in imposing a $5000 fine, we modify that fine to $2500 in accordance with I.C. § 18-306.

**B.     Sentence Review**

Crow argues his sentence is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Crow specifically asserts the following mitigating factors demonstrate the district court abused its discretion: this was Crow's first felony offense, Crow was only twenty-two years of age at the time of the crime, Crow has strong family support, Crow has a good work history, Crow was recently diagnosed with bi-polar disorder, Crow suffers from substance abuse problems but wants to live a sober life, Crow demonstrated remorse for this crime, and the psychological evaluator opined that Crow is not a danger to the general public.

4

Despite Crow's assertion, the record demonstrates the district court considered these mitigating factors, but was primarily concerned with protection of society, followed then by punishment and rehabilitation. The district court recognized the premeditated nature of this crime. Crow obtained the gun; pointed it at the victim; told the victim it was for her; and stated if Crow could not have the victim, no one else could. Crow then shot the victim and also shot through the bathroom door where the victim was hiding. In addressing Crow's mental health diagnosis, the district court recognized that without treatment, when confronted with the same situation, there is concern that this would happen again. The district court further considered Crow's substance abuse issues and found it troubling that Crow had prior criminal offenses involving alcohol and that the current charge arose while Crow was on misdemeanor probation. The district court indicated the best place for Crow to receive effective treatment for his mental health and substance abuse issues was in a confined setting. The district court also considered family support and recognized that this would be important when it came to rehabilitative efforts. However, as noted above, the focus of the district court was rightfully upon the protection of society.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion.

### C. Rule 35 Motion

Crow asserts the district court erred by failing to reduce his sentence after he presented new evidence at his Rule 35 hearing. Crow submitted a number of affidavits, including one from his sister indicating she had never previously seen Crow strike the victim and an affidavit from the mother of Crow's other son stating that son needs his father. Crow submitted a report from an investigator which indicated the investigator believed Crow was honest and forthright with his version of events, took responsibility for his actions, and did not intend to harm the victim at the time of the crime. Finally, Crow had completed a parenting class.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d

23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Crow's Rule 35 motion, we conclude no abuse of discretion has been shown.

## III.

## CONCLUSION

The district court did not abuse its discretion in sentencing Crow to a unified term of fifteen years, with a minimum period of confinement of nine years, or in denying Crow's Rule 35 motion for reduction of sentence. However, the district court erred by imposing a fine in excess of the amount permitted under I.C. § 19-5307. Accordingly, we affirm Crow's judgment of conviction and sentence with respect to the term of imprisonment and the order denying Crow's Rule 35 motion for reduction of sentence. However, we modify Crow's judgment of conviction and sentence with respect to the fine under I.C. § 19-5307 and modify the accompanying order imposing that fine. The district court is hereby directed to enter an amended judgment of conviction and sentence and accompanying order consistent with this opinion.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**